SIMON & FRANK *v.* CHARLES GOLDENBERG.—C. M. CONRAD, Intervenor.

The goods or effects of the sub-lessee, found on premises that are leased, are only subject to the privilege of the lessor to the extent of the sub-lessee's indebtedness to the principal lessee ; but when such goods are seized by the lessor for rent due him, and the sub-lessee does not disclose the title under which he occupies the premises, the privilege of the lessor will cover the goods for the whole amount of rent due.

APPEAL from the Fifth District Court of New Orleans, *Eggleston,* J.

*J. B. Cotton,* for plaintiffs and appellants. *A. W. Jourdan,* for defendant.

DUFFEL, J. The plaintiffs having obtained a judgment against *Charles Goldenberg* for $834 96, with five per cent. interest from the 1st January, 1858, till paid, and costs of suit, sued out a *fi. fa.,* under which the Sheriff seized, on the 20th of April, 1858, the contents of a store situated on New Levee, near Josephine street, and sold the same, as the property of said *Goldenberg,* on the 8th of May, 1858. This sale produced in cash $352 40.

After the seizure, to-wit, on the 26th of April, 1858, *Charles M. Conrad* filed his third opposition, and obtained a provisional seizure of the above goods, claiming to be paid by preference out of the proceeds of the sale $355, due him, as the lessor of the house in which said goods had been found and seized. It appears that the third opponent had leased to one *Frederick Leopold* a two-story house for 14 months, from the 15th of September, 1857, at the rate of $30 per month, up to the 15th of May, 1858, and at the rate of $35 per month for the last six months, subject to a credit of $95, thus leaving a balance of $145 due on the 15th of May, 1858, and $210 for the unexpired lease, in all $355.

The plaintiffs and defendant in the original suit, as also the original lessee, were all made parties to these proceedings ; the two last accepted service as follows : " *Frederick Leopold* waives notice and citation, and admits indebtedness as alleged, and confesses judgment, reserving all his rights for damages against the plaintiffs for their illegal seizure. (Signed) *F. Leopold.*" " Service accepted, and allegations admitted as alleged. (Signed) *Charles Goldenberg.*" There is no doubt in our mind that the defendant, *Goldenberg,* occupied at the time the whole house leased as aforesaid by the third opponent to *Leopold,* and that the goods seized belonged to him ; in fact, a portion of said goods had by him been purchased from the plaintiffs. The defendant, no doubt, for the purpose of defeating the claim of the plaintiffs, did not see fit to disclose the title under which he occupied the premises, for had it been as sub-lessee, the property seized would only have been subject to the privilege of the lessor to the extent of his indebtedness to the principal lessee, C. C. 2676 ; whereas, under the interpretation given to the Articles 2675 and 2677 of the Code, the privilege covers all the movables seized to the full amount of the rent. 11 La. 499 ; 6 R. 293. The principal lessee is not before us in a more favorable light ; for, having failed to show ownership in himself, he nevertheless suffered the proceeds of the sale to go to the extinguishment of his own debt. The peculiar circumstances of this case are such, that we will make a reservation in favor of the plaintiffs in our decree. As to the third opponent, he has exercised his legal rights, and is entitled to judgment. The privilege was not lost when he intervened, C. C. 2679, and he must, therefore, be paid by preference, after deducting the charges of the sale. C. C. 3223.

Simon
v.
Conrad.

There is, however, error in the judgment of the District Court; the plaintiffs should not have been condemned to pay the whole amount of the debt, which even exceeds the gross proceeds of the sale.

It is, therefore, ordered, that the judgment of the District Court be reversed. It is further adjudged and decreed, that the third opponent have judgment against the plaintiffs, *Simon & Frank*, in the sum of three hundred and fifty-two dollars and forty cents, less sixty-three dollars and sixty-five cents, amount of costs incurred under the *fi. fa.*, with legal interest on one hundred and forty-five dollars, from the 8th of May, 1858, till paid, and with a like interest on the balance, to be computed by equation from the 15th of August, 1858, till paid, and with privilege on the proceeds of the sale in the hands of the Sheriff; the costs of the lower court to be paid by the appellants, and those of the appeal by the third opponent.

It is further decreed, that the rights of action of the plaintiffs, *Simon & Frank*, if any they have, to recover back the amount of the above judgment from *Frederick Leopold*, be reserved.